PATRICK O'ROURKE, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23503).*

Third Department, January 11, 1935.

* Affd., 267 N. Y. ——.

*William W. Gregg* [*Fitch H. Stephens* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Edward E. Brogan* and *John L. Campbell, Assistant Attorneys-General,* of counsel], for the respondent.

PER CURIAM. Claimant has appealed from a judgment of the Court of Claims dismissing his claim for personal injuries which it is alleged he received on November 17, 1893, while employed as a guard at the New York State Reformatory. The claim was filed on October 11, 1933, pursuant to chapter 550 of the Laws of 1933, which became effective April 28, 1933. The act gave jurisdiction to the Court of Claims to hear, audit and determine the claim against the State for personal damages alleged to have been sustained by claimant on the day earlier mentioned. It provided: " The court may make award to and render judgment for the claimant for such sum as may be just and equitable, not-withstanding the lapse of time since the accruing of damages, provided the claim is filed in the court of claims within one year after this act takes effect," and further: " No award shall be made or judgment rendered unless sustained by such proof as would create a liability against an individual or corporation." The judge who heard the case was most critical of the legislative department of the State for adopting the enabling act containing the waiver of the Statute of Limitations. We are unable to see how this is a matter of concern, either to the Court of Claims or this court.

At the time of the accident the State, using convict labor in part, was engaged in constructing an armory at Elmira adjacent to the reformatory. About seventy-five prisoners were working, seven or eight upon the roof, where claimant was required to be as a guard. While there in the line of his employment as a guard and while walking on the scaffolding, a defective plank broke and he fell about twenty feet to the ground. The Court of Claims has found that as a result of the fall his right arm was badly injured and the " broken bones at the right elbow joint were removed, leaving his

right arm about four inches short. There is no bone connection between the upper and lower arm. He has very little use of his hand and fingers. The use of his right arm has been destroyed to the amount of 75 or 80 per cent. * * * It will never be any better than it has been since the initial healing, but has constituted and always will constitute a permanent partial disability and a very serious permanent impairment of his earning capacity and ability."

It was not claimant's duty to erect or inspect the scaffold upon which he was required to be in the performance of his duty as a guard over prisoners working upon the roof. The State failed to furnish him a reasonably safe place in which to do his work. The claimant is entitled to recover. The extent of the injuries is not in dispute. Taking into consideration the loss of opportunity for promotion, and the general damages suffered by claimant, we feel that he should recover a judgment against the State for $7,500 and costs.

HILL, P. J., RHODES, MCNAMEE, CRAPSER and BLISS, JJ., concur.

Judgment of the Court of Claims reversed on the law and facts, and judgment against the State ordered for $7,500 and costs.

The court reverses findings of fact numbered 6, 12, 17, 19, 22, 23, 24, 25, 26 and 27, contained in the decision, and disapproves the first and second conclusions of law thereof, and reverses findings of fact numbered 7, 14, 16, 18, 21, 22, 23, 24, 25 and 26, contained in the State's proposed findings. The court makes as its new findings Nos. 6, 10, 11, 12, 13, 14, 15, 16 and 21, of the findings contained in the claimant's proposed findings.